# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THE UPPER DECK COMPANY, a Nevada corporation, | 2:08-cv-01737-RCJ-GWF |
| *Plaintiff*, | |
| vs. | **ORDER** |
| KONAMI MARKETING, INC. a California corporation; and KONAMI DIGITAL ENTERTAINMENT, INC., and Illinois corporation, | |
| *Defendants*. | |

## I. INTRODUCTION

This matter comes before the Court on Defendant's Motion to Dismiss or Transfer to Central District of California. (#10). Defendant alleges that an action filed and litigated in the Central District of California involving the parties necessitates the dismissal of this action, based on first-in-time principles and apparent "forum shopping" by Plaintiff. In the alternative, Defendant moves for transferring the action to the Central District as venue is proper there and it would be more convenient for the parties and witnesses. Plaintiff refutes dismissal and transfer as it alleges to be a Nevada corporation and that the events concerning the action took place in Clark County.

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is DENIED. IT IS FURTHER ORDERED that Defendant's Motion to Transfer, in the alternative is GRANTED. (#10).

## II. BACKGROUND

Konami Digital Entertainment is the manufacturer of Yu-Gi-Oh! Trading Card Game and headquartered in Los Angeles. Konami Marketing, Inc. was located in Los Angeles, but ceased to exist in 2005. Konami brought a suit against Vintage Sports Cards, the wholesale distributer who sold counterfeit Yu-Gi-Oh! "Rare Cards" to a Toys-R-Us store in California in October 2009. In an amended complaint in that litigation on December 11, 2008, Konami named Upper Deck Company, its exclusive distributor of the cards, as a co-defendant as it believed Upper Deck supplied Yu-Gi-Oh! with the counterfeit cards. The amended complaint stated six causes of action: (1) federal trademark counterfeiting and infringement; (2) unfair competition in violation of federal law; (3) copyright infringement; (4) state unfair competition; (5) common law trademark infringement; and (6) breach of contract. (#12, Ex. T).

In that action, the court granted Plaintiffs Konami Digital Entertainment and Konami Corporation's motion for a temporary restraining order as to the manufacture and distribution of counterfeit trading cards. (2:08-cv-06630-VBF-PJW, "*Vintage Action*", #7). The court also granted Plaintiffs' motion for a preliminary injunction. *Id.* at #17. Plaintiffs moved for a second temporary retraining order as to the use of Konami's trademarks, copyrights and unfair competition, as well as an order to show cause regarding a preliminary injunction. *Id.* at #36. The court denied these motions without prejudice. *Id.* at #81. Defendant Upper Deck filed a motion to dismiss and subsequent counterclaims. Konami filed a motion to dismiss Upper Deck's amended counterclaims and the court granted that motion. (*Vintage Action*, #178). The court dismissed without prejudice six claims of Upper Deck's amended counterclaims as the fraud claims were not plead with particularity, the fraud in the inducement claim failed, one fraud claim was time barred, and the elements of civil conspiracy were not properly alleged. *Id.* at 2. The court denied Upper Deck's motion to transfer venue to Nevada (#141) and denied Upper Deck's request by way of opposition that it stay its ruling until this Court ruled on the motion before it.

**III. FACTS**

Upper Deck filed a complaint in this jurisdiction on December 10, 2008, one day prior to be added as a defendant in the *Vintage Action*. It filed against Konami Marketing, Inc. and Konami Digital Entertainment, Inc. (#1).

In its complaint, Upper Deck alleges proper subject matter jurisdiction pursuant to 28 U.S.C. § 1332, personal jurisdiction by virtue of Defendant's presence, substantial contacts and business in the district, and because the activities complained of occurred in part in the district. *Id.* It alleges venue is proper under 28 U.S.C. § 1391 because substantial parts of events or omissions giving rise to claims alleged occurred in the district. *Id.* Konami Marketing is a California corporation and Konami Digital Entertainment is an Illinois corporation with a principle place of business in California. *Id.* The parties dispute if Plaintiff Upper Deck has its principle place of business in Nevada or California. The supplemental pleadings have not been instructive to this as deposed witnesses provided little information or plead the protections of the Fifth Amendment, as Upper Deck's Vice President of Sales John Skrajewski did. Upper Deck Company is headquartered in California, but Upper Deck Nevada operates out of Clark County. The parties do not dispute that Upper Deck Company assisted Upper Deck Nevada in its formation of and performance of its contractual relationship under the Letter of Intent with Konami.

On September 30, 2006, the parties entered into a written Letter of Intent for Upper Deck to be the exclusive distributor of the Yu-Gi-Oh! cards. In summer of 2008, Konami became aware of counterfeit activities, culminating in the filing of the *Vintage Action* described above. In October of 2008, Konami and Upper Deck began discussions of the counterfeiting activities and attempted to arrive at a common approach to the problem. This was unsuccessful and Konami notified Vintage that it intended to amend its complaint to include Upper Deck. Konami terminated the LOI in December of 2008 apparently on the grounds that the counterfeiting activities were egregious

enough to not allow for the 30-day cure period required. Upper Deck filed its complaint in this district one day prior to that amendment on December 10, 2008.

Upper Deck's complaint alleges the following causes of action: (1) breach of contract-distribution agreement; (2) breach of implied covenant of good faith and fair dealing-distribution agreement; (3) breach of contract-letter of intent; (4) breach of implied covenant of good faith and fair dealing-letter of intent; (5) express indemnity-distribution agreement; (6) express indemnity-letter of intent; (7) fraud in the inducement-distribution agreement; (8) fraud in the inducement-letter of intent; (9) slander per se; (10) negligent misrepresentation; and (11) civil conspiracy.

Defendant has filed a Motion to Dismiss the Complaint or in the alternative, to Transfer to the U.S. District Court for the Central District of California.

## IV. STANDARDS

**I.      Motion to Dismiss Pursuant to Rule 12(b)(6)**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate if the plaintiff "fail[s] to state a claim upon which relief can be granted." Dismissal for failure to state a claim under Rule 12(b)(6) is proper only if it is beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the plaintiff. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996). Although courts assume the factual allegations to be true, courts should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

On a motion to dismiss, the court "presumes that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889

(1990). However, conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss under Rule 12(b)(6). *In re Stac Elecs.*, 89 F.3d at 1403.

## II.    Motion to Transfer

Venue is proper in any district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2) (1999). Section 1391(b)(2) does not require that a majority of the events have occurred in the district where suit is filed, nor does it require that the events in that district predominate. *Rodriguez v. California Highway Patrol*, 89 F. Supp. 2d 1131, 1136 (N.D. Cal. 2000).

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). District courts have the discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Factors to consider include (a) the existence of related litigation; (b) convenience of the parties; (c) parties' contacts with the forum and the relationship of claims to the forum; (d) the relative ease of access to sources of proof; (e) availability of process to compel the presence of unwilling witnesses; and (f) the interests of justice in general. *Stewart Org.*, 487 U.S. at 29.

Defendant bears the burden of showing that the inconvenience of litigation in this forum favors transfer, as the moving party. *See E. & J. Gallo Winery v. F. & P.S.P.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994). In order for a district court to transfer an action under section 1404, the court must make the following two findings: (1) that the transferee court is one where the action "might have been brought," and (2) that the convenience of the parties and witnesses and the interest of justice favor transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).

# V. ANALYSIS

The Court denies the Motion to Dismiss as Plaintiff has not failed to state a claim upon which relief can be granted. Its complaint does not bring conclusory or insupportable allegations. The question of transfer remains for the Court's consideration.

**A.     Federal Comity Rule and the First-to-File Doctrine**

When a complaint involving the same parties and issues has already been filed in another federal district court, the court has discretion to abate or dismiss the second action. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). An action is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *See Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983). The first-to-file doctrine requires consideration of three factors: (1) chronology of the two actions; (2) similarity of the parties; and (3) similarity of the issues. *See Alltrade*, 946 F.2d 622 (9th Cir. 1991).

In an analogous case, *Inherent.com v. Martindale-Hubbell*, the court denied defendant's motion to dismiss pursuant to the first-to-file doctrine but granted defendant's motion to transfer. 420 F. Supp. 2d 1093 (N.D. Cal. 2006). The plaintiff in that case alleged that the filing of a suit in a different district was a "preemptive strike" by defendants and an exercise in forum shopping, and as such should mitigate the application of the first-in-time doctrine. *Id.* at 1099. As such, the court denied dismissal of the current action because application of the first-in-time doctrine would punish the plaintiff who had attempted to resolve the suit before filing an action. *Id.* at 1100. The key dispute in both actions was whether or not the parties' letter of intent gave rise to a binding contract and if it was breached. *Id.* at 1099. The court held that a ruling on the fraud issue in the case before it would be intimately intertwined with the factual and legal considerations surrounding issues in the case in the other district. *Id.*

Regarding the transfer alternative, the court examined the convenience to the parties and witnesses and serving the interests of justice in that the other forum's law was applicable; it was the location of the majority of witnesses; consolidation with the first-filed action was feasible; and that the forum had personal jurisdiction over both parties. 420 F. Supp. 2d 1092 at 1101.

In the present case, Defendant argues that the action should be dismissed based on principles of comity and the earlier-filed *Vingtage* litigation and improper forum shopping. (#11 at 5–7). They discuss the doctrine of federal comity allowing the Court to dismiss, stay, or transfer a case to avoid overlapping litigation in two forums. *Id.* at 5. Their contention is that Upper Deck's role in the distribution of counterfeit Yu-Gi-Oh! cards is a key issue in this case, as well as the *Vintage Action*. *Id.* This apparent breach of the Letter of Intent is at issue in both litigations, pursued by Konami in *Vintage* and Upper Deck in this action. *Id.* at 6. Additionally, Defendant contends that even if the first-filed rule does not apply, Upper Deck has an exhibited an improper motive for filing this lawsuit: forum shopping by the attempt to evade the jurisdiction of the Central District. *Id.* at 7.

Plaintiff responds that the first-to-file doctrine favors it. (#15 at 14). It argues that Konami cannot meet the doctrine's elements because Upper Deck was the first to bring suit against Konami and file a breach of contract claim; the matters do not include the same parties; the matters involve different issues; and it alleges that Konami filed its amendment in an attempt to forum shop. *Id.* at 14–18.

**1.     Chronology of Two Actions**

Plaintiff filed its complaint for the case at bar on December 10, 2008. Defendant filed its amended complaint adding Plaintiff as a party in the sister-action in California on December 11, 2008. In its supplemental pleadings to the Court, Upper Deck states that long-standing grievances led to the filing of its complaint, not a hasty attempt to file before being added as a defendant in the California action.  To support this claim, it provides internal communications concerning dissatisfaction with Konami's marketing and product development. These internal communications

are insufficient to support the assertion that Upper Deck was on the verge of a lawsuit. Additionally, the communications are from earlier in the year. The timing of the filing in Nevada appears to the Court to be indicative of a last-minute filing on the part of Upper Deck to be first-in-time and attempt to rely on federal rules of comity. It was far more apparent to Upper Deck that Konami was adding it as a Defendant in the California action than it was to Konami that Upper Deck would commence this suit.

### 2. Similarity of the Parties

The original parties in the sister action are Defendant and its distributor Vintage. However, with its amended complaint, Konami added Upper Deck as a defendant. In that regard the parties are the same, although the extent of the issues in the sister-action are different.

### 3. Similarity of the Issues

These two actions, the *Vintage Action* and the one presently before the Court, address similar issues. Konami's filing against Vintage regarding the counterfeit cards expanded to include Konami's distributor, Upper Deck. The amended complaint alleges breach of contract by Upper Deck's distribution of counterfeit cards and falsely holding out itself out as Yu-Gi-Oh's trademark holder on its website. (#12, Ex. T). Upper Deck's complaint alleges that Konami has breached the Letter of Intent by refusing to participate in negotiations to put a formal distribution agreement into place and that it has breached the Distribution Agreement in multiple ways. (#1 at 5). The matters both involve the alleged breach of the Letter of Intent and/or Distribution Agreement. Defendant argues that Upper Deck's claim for slander rests on the notion that Defendant made knowingly false statements regarding its distribution of counterfeit trading cards. Defendant also argues that Upper Deck's claim that Konami wrongfully terminated the LOI rests on evidence of counterfeiting activities and the interpretation of the "Intellectual Property" clause of the LOI has already been determined by the Central District in the sister-action. Additionally, it argues that the other claims

for breach of the 2006 contract require interpretation of the LOI which is governed by California law.

However, the underlying litigation in the *Vintage Action* surrounds the counterfeit cards, while this action addresses a much larger array of alleged breaches of contract. Where the *Vintage Action* addresses counterfeit cards and wrongfully claimed trademark ownership on a website, the present action involves not only breach of contract on both the Letter of Intent and Distribution Agreement, but breach of implied covenant of good faith and fair dealing, a demand for indemnity, fraud in the inducement, slander per se, negligent misrepresentation, and civil conspiracy.

Overall, an examination of the three factors supports the Court's determination that the action should not be dismissed, but that it should be transferred to California.

**B.     Interests of Justice and Convenience of Parties and Witnesses**

"The question of which forum will better serve the interest of justice is of predominant importance on the question of transfer, and the factors involving convenience of parties and witnesses are in fact subordinate." *Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, 2003 U.S. Dist. LEXIS 26802, at *12 (N.D. Cal. Oct. 14, 2003).

Among the factors relevant to the convenience of the parties and witnesses, courts consider the following factors: (1) the plaintiff's choice of forum; (2) the convenience of witnesses and the parties; (3) the familiarity of the forum with the applicable law; (4) the ease of access to evidence; and (5) the relative court congestion and time of trial in each forum. *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508–09; *Jones*, 211 F.3d at 498–99.

Upper Deck appears to have equal presences in California and Nevada, based on the declarations on file with the Court. Upper Deck claims to be a separate entity from the Upper Deck Company, LLC, located in California, and claims to be solely a Nevada corporation. (#15 at 14). Konami operates its principle place of business in California and asserts that the majority of

1  witnesses for the present action are in California. (#22 at 8). The convenience for attorneys and
2  witnesses appears to be split between Nevada and California and thus it is not a determining factor.
3        California has both subject matter jurisdiction and personal jurisdiction over both parties.
4  As Upper Deck itself points out, the commute from Las Vegas to Southern California is not a long
5  one, and as California law governs their agreement, California as a venue is more convenient for
6  both parties and witnesses, and as the transfer will not unduly delay the action, it should be
7  transferred to the Central District. The California forum is appropriate.

## VI. CONCLUSION

9        Plaintiff presents a viable complaint and accordingly it is not dismissed. Though imperfect,
10 Defendant's argument is stronger to transfer the action to the Central District of California where
11 it is mutually convenient. IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is
12 DENIED. IT IS FURTHER ORDERED that Defendant's Motion to Transfer, in the alternative is
13 GRANTED. (#10).
14       DATED:    September 17, 2009

_____
Robert C. Jones
United States District Judge